UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA ANDRE,

       Plaintiff,                                       Hon. Paul L. Maloney

v.                                                 Case No. 1:19-cv-41

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her

decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 46 years of age on her alleged disability onset date. (ECF No. 14-7, PageID.843). She successfully completed high school and worked previously as a customer service clerk and an administrative clerk. (ECF No. 14-2, PageID.66, 79). Plaintiff applied for benefits on August 24, 2015, alleging that she had been disabled since January 6, 2011, due to bi-polar disorder, anxiety, panic attacks,

herniated discs, arthritis in her spine, narrowing of the spine, and migraines. (ECF No. 14-7, 14-8, PageID.843-49, 873).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 14-5, 14-6, PageID.740-834). Following an administrative hearing, ALJ Cynthia Harmon, in an opinion dated May 7, 2018, determined that Plaintiff did not qualify for disability benefits. (ECF No. 14-2, PageID.55-68, 73-114). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (*Id.*, PageID.41-45). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits, and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age,

education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, - - - Fed. Appx. - - -, 2020 WL 97414 at *2 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from degenerative disc disease of the lumbar spine, osteoarthritis of the bilateral knees, obesity, and migraines, severe impairments that considered alone or in combination with other impairments fail to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 14-2, PageID.58-61).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) during an 8-hour workday, she can stand/walk for 4 hours and sit for 6 hours; (2) she cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs; (3) she can occasionally stoop, kneel, crouch, crawl, and balance; and (4) she must avoid concentrated exposure to noise. (*Id.*, PageID.61-62).

A vocational expert testified that, even if Plaintiff were limited to this extent, she could still perform her past relevant work as a customer service clerk and administrative clerk. (*Id.*, PageID.108-09). The ALJ, finding that Plaintiff could perform her past relevant work, determined that that Plaintiff was not entitled to benefits.

## I. Plaintiff's Subjective Allegations

At the administrative hearing, Plaintiff testified that she suffered from severe anxiety and panic attacks. (*Id.*, PageID.88-90). With respect to her back pain, Plaintiff testified that she suffers "burning" and "spasms" that cause her to experience episodes in which she does not "have any real use of [her] legs or anything." (*Id.*, PageID.90). Plaintiff testified that she cannot stand for longer than 30 minutes and cannot sit for longer than 30-45 minutes. (*Id.*, PageID.92). Plaintiff also reported that she "basically . . . can't" walk. (*Id.*, PageID.92-93). Plaintiff testified that 2-3 times monthly she experiences migraine headaches each of which lasts up to 3 days. (*Id.*, PageID.93-94). The ALJ discounted Plaintiff's testimony on the ground that it was inconsistent with the evidence of record. Plaintiff argues that she is entitled to relief because the ALJ's conclusion in this regard is not supported by substantial evidence.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish

that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also, Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard. First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of the claimant's symptoms are evaluated to determine the extent to which such limit his ability to perform work-related activities. *Id.* at *4-9.[1]

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004). But, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the

---

[1] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. However, the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

administrative record." In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Ibid.* It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

In support of her decision to discount Plaintiff's subjective allegations, the ALJ cited to numerous items in the record. For example, the ALJ noted that an MRI examination revealed that Plaintiff experienced only "mild" spinal stenosis. (ECF No. 14-14, PageID.1557). X-rays of Plaintiff's knee have revealed only "mild" arthritis and "mild" degenerative changes. (*Id.*, PageID.1572-73). Plaintiff's care providers have noted that Plaintiff's "reported pain intensity is out of proportion to" the findings on examination. (*Id.*, PageID.1518). One of Plaintiff's doctors refused to provide Plaintiff with documentation that she "was unable to work" in light of Plaintiff's admission that she "goes to the gym to help her get into shape." (*Id.*, PageID.1525). As the doctor concluded, "it just doesn't sound like [Plaintiff is] someone that has or necessitates restrictions." (*Id.*). The ALJ also noted that Plaintiff walks (up to one mile), bikes, lifts weights, and kayaks for exercise 4-5 times weekly. (ECF No. 14-11, 14-12, PageID.1046, 1226). Plaintiff also reported that

she drives, shops, performs light chores, and cares for her elderly parents. (ECF No. 14-2, 14-8, 14-14, PageID.78, 905-12, 1521).

Contrary to Plaintiff's assertion, the ALJ did articulate a basis for her decision to discount her subjective statements. Moreover, the ALJ's decision is consistent with the proper legal standard and supported by substantial evidence. Accordingly, this argument is rejected.

## II. Additional Evidence

Plaintiff argues that, following the ALJ's decision, she "submitted new and material medical evidence" that the Appeals Council refused to consider. Plaintiff argues that this entitles her to relief. Plaintiff argues, in the alternative, that the Court should remand this matter to the Commissioner for consideration of the evidence in question. Neither argument is persuasive.

First, to the extent Plaintiff objects to the failure by the Appeals Council to consider the evidence in question, such is not cognizable. The Court's authority is limited to assessing whether the Commissioner's *final decision* denying benefits is supported by substantial evidence. *See* 42 U.S.C. § 405(g) (expressly limiting judicial review to "any final decision of the Commissioner of Social Security"); *Bowens v. Barnhart*, 101 Fed. Appx. 93, 94 (6th Cir., June 11, 2004) (the jurisdiction of the federal courts extends only to the review of "final decisions of the Commissioner").

Furthermore, Plaintiff has failed to establish that remand to consider the evidence in question is appropriate. As is well understood, this Court cannot consider evidence which was not presented to the ALJ. *See Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996); *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand this matter for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. Plaintiff bears the burden of making this showing. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

The medical evidence in question all pre-dates, by several years, Plaintiff's administrative hearing. (ECF No. 14-2 – 14-4. PageID.121-722). Plaintiff concedes that this evidence was in existence, and known to her, long before the date of the ALJ's decision. Plaintiff argues that she submitted this evidence to the ALJ prior to her administrative hearing, but that such was not saved in her Electronic Records Express account.[2] Plaintiff offers no evidence supporting this argument. Moreover, the Court notes that, at the administrative hearing, Plaintiff's counsel asserted that the administrative record before the ALJ was "complete." (ECF No. 14-2, PageID.76-77). Thus, the evidence in question is not new. *See Ferguson v.*

---

[2] The Electronic Records Express is an initiative by the Social Security Administration that affords claimants an opportunity to submit records electronically. *See* Electronic Records Express, available at https://www.ssa.gov/ere/ (last visited on March 13, 2020).

*Commissioner of Social Security*, 628 F.3d 269, 276 (6th Cir. 2010) (evidence is new "only if it was not in existence or available to the claimant at the time of the administrative proceeding. . .").

Even if the Court overlooks this shortcoming, Plaintiff has failed to establish that the evidence in question is material.  Evidence is material if there exists a "reasonable probability" that its consideration would lead to a different result.  *Ibid.*  Plaintiff offers no argument in support of her conclusion that the evidence in question is material.  Plaintiff cites to no portion of this "new" evidence nor articulates any argument that consideration of this evidence is reasonably likely to result in a different outcome.  Instead, Plaintiff merely asserts that the evidence is material, apparently expecting the Court to scour through six hundred pages of medical records and construct Plaintiff's argument for her.  The Court declines Plaintiff's invitation.  *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record); *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . .put flesh on its bones").  Accordingly, this argument is rejected.

### III.   The ALJ Made no Step Five Findings

Finally, Plaintiff argues that she is entitled to relief because the ALJ erred at Step Five by "adopting" the vocational expert's testimony regarding the number of

jobs existing in the national economy that Plaintiff can perform consistent with her RFC.   While the vocational expert did testify concerning this topic, the ALJ did not rely on or adopt this testimony.   Instead, as noted above, the ALJ decided Plaintiff's claim for benefits at Step Four on the ground that Plaintiff could still perform her past relevant work.   Plaintiff does not challenge this conclusion.   Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: March 27, 2020                            ___/s/ Phillip J. Green_____
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge